IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY P. KRUSEC,

                Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security
Administration,

                Defendant.

OPINION and ORDER

18-cv-120-jdp

---

Plaintiff Gregory Krusec seeks judicial review of a final decision of defendant Nancy Berryhill, Acting Commissioner of Social Security, denying him disability insurance benefits. The administrative law judge (ALJ) found that Krusec had several severe impairments, but he concluded that Krusec retained the residual functional capacity (RFC) to perform light work, subject to a few limitations. The ALJ concluded that Krusec became disabled only on December 11, 2012, when he turned 60 years old. This meant that Krusec was eligible for supplemental security income, but not disability insurance benefits, because his date last insured was December 31, 2007.

This is the third time that Krusec has appealed the commissioner's decision to federal court. On the last appeal, this court reversed because ALJ Rogozen (1) misinterpreted the opinion of a state agency medical consultant; and (2) did not consider the entire record before finding Krusec not credible. *Krusec v. Colvin*, No. 15-cv-498-jdp, 2016 WL 3703088 (W.D. Wis. Jul. 8, 2016). On remand, the case was assigned to ALJ Schaefer. His decision is the subject of the current appeal

Now, Krusec contends that ALJ Schaefer erred by (1) again finding Krusec not credible; and (2) finding that Krusec would spend only 10 percent of the day off-task. ALJ Schaefer made the same errors in his credibility analysis as ALJ Rogozen, and the court will remand the case for a new credibility determination. The oral argument scheduled for January 29, 2019, is cancelled as unnecessary.

ANALYSIS

**A. Credibility determination**

As this was Krusec's third hearing regarding disability insurance benefits, ALJ Schaefer considered Krusec's testimony from the prior two hearings. R. 12.[1] Krusec had testified that he had back and neck pain that flared up at frequent and unpredictable intervals. On days when the pain was bad, Krusec said that he needed to ice his back for three to five hours and was unable to work. He also testified that he frequently needed to alternate between sitting, standing, and walking, and that after sitting for 30 minutes, he needed to walk around for 10 minutes. ALJ Schaefer found Krusec's testimony not credible, and he determined that Krusec could sit for up to one hour at a time before needing to stand up. R. 11–13. He did not incorporate any limitations based on Krusec's testimony that he needed to walk around for 10 minutes, and he did not incorporate any limitation to accommodate for days when Krusec would be unable to work due to flare ups.

An ALJ's credibility determination is given deference and the court will overturn it only if it is "patently wrong." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014). But the ALJ

---

[1] Citations to the record filed on June 4, 2018, will be labeled "R.," and citations to the supplemental record filed on August 20, 2018, will be labeled "S. R."

must still evaluate the entire record and build a "logical bridge" from the evidence to his conclusions. *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009); *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008). And in this case, ALJ Schaefer did not do so.

ALJ Schaefer did not cite any medical records in his opinion. Instead, he said that he was "incorporating by reference" the summaries of the medical record written in previous decisions by ALJ Mondi and ALJ Rogozen. R. 12. Although both of those decisions were reversed and remanded, ALJ Schaefer explained that this court had said that ALJ Rogozen performed a "decent job" of assessing the medical records and supporting his determinations. The commissioner contends that ALJ Rogozen's credibility analysis, as incorporated by the ALJ, supports ALJ Schaefer's finding that Krusec is not credible.

The commissioner is correct that, overall, ALJ Rogozen did a decent job summarizing the medical record. But the court cited two specific errors in ALJ Rogozen's decision that warranted reversal. First, ALJ Rogozen misinterpreted the opinion of the state agency medical consultant, Dr. Vidya Madala. *Krusec*, 2016 WL 3703088, at *1. On remand, ALJ Schaefer adequately addressed this error by reassessing Madala's opinion and explaining his reasons for assigning it "little weight." R. 14.

Second, the court determined that ALJ Rogozen's credibility analysis was flawed because ALJ Rogozen had ignored parts of the record that contradicted his credibility determination. *Krusec*, 2016 WL 3703088, at *2. In particular, ALJ Rogozen said that Krusec's pain was largely attributable to a disc herniation in June 2008, and that Krusec had not complained about severe pain prior to the expiration of his insurance in December 2007. R. 160. But this analysis ignored numerous records from late 2007 and early 2008 that showed that Krusec had complained about debilitating pain before the disc herniation and before the

3

date last insured. S. R. 275, 369, 369, 406, 544. Because ALJ Rogozen did not consider the entire record, particularly the documents that contradicted his conclusion, the court remanded the case so that the ALJ could conduct a new credibility determination. *Krusec*, 2016 WL 3703088, at *2. ALJ Schaefer simply adopted ALJ Rogozen's incomplete review of the record without further scrutiny, thereby repeating the error.

The only other reason that ALJ Schaefer gave for finding Krusec not credible was Krusec's delay in filing for benefits. R. 11. But ALJ Schaefer did not ask Krusec to explain the delay, and there are many valid reasons why a claimant may delay his application for benefits. *Sarchet v. Chater*, 78 F.3d 305, 308 (7th Cir. 1996) ("Many people are ignorant of the full range of available benefits, or reluctant to undergo arduous administrative proceedings in which they are called liars, until desperation resulting from a personal crisis."). So if ALJ Schaefer thought the timing of Krusec's application was suspsicious, he should have investigated further before finding Krusec not credible for that reason. Claimants should not be punished for waiting to file for benefits only when they truly need it. *See Czarnecki v. Colvin*, 595 F. App'x 635, 644 (7th Cir. 2015) (citing *Sarchet*, 78 F.3d at 308).

The commissioner contends that ALJ Schaefer also based his credibility determination on Krusec's testimony that he did household chores, mowed the lawn, and shoveled snow. R. 12. But if ALJ Schaefer believed that these activities contradicted Krusec's testimony, he did not say so. ALJ Schaefer mentioned these activities only as part of his summary of Krusec's testimony. And even if ALJ Schaefer had considered these activities in his credibility analysis, the commissioner does not explain why they would be inconsistent with Krusec's allegations of pain that flares up at unpredictable intervals. Sporadic household chores are not equivalent to the rigors of full-time work. *See Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012).

4

The commissioner also contends that the court should affirm the decision because ALJ Schaefer's RFC analysis was supported by the opinions of the state agency medical consultants and the consultative examiner. R. 14–16. But this argument does not address Krusec's contention that ALJ Schaefer erred in his credibility analysis. And the commissioner does not argue that the errors in the credibility analysis were harmless, or even acknowledge the harmless error doctrine. Furthermore, the commissioner cannot now argue that the medical opinions would have justified the credibility determination, because ALJ Schaefer did not employ that rationale in his decision. *See Roddy v. Astrue*, 705 F.3d 631, 637 (7th Cir. 2013).

So the court will remand for the ALJ to conduct a new credibility determination. On remand, the ALJ should consider the entire record and he should clearly explain (1) what evidence he is relying on to make his credibility determination; and (2) why it supports that determination. In doing so, the ALJ must address those parts of the record from late 2007 and early 2008 that contradict ALJ Rogozen's conclusion, which the court cited above.

**B. Incorporating the vocational expert's testimony into the RFC**

ALJ Schaefer incorporated into the RFC a limitation giving Krusec the option to sit or stand at will to alleviate pain. R. 11. He found that Krusec cannot walk more than 30 or 40 minutes at one time, stand more than one hour at a time, or sit more than one hour at a time "before needing to change positions at his assigned work station." R. 11. He clarified that "[t]he claimant's need to alternate positions at the work station would not cause him to be off-task from work performance at any work preclusive level as identified by the vocational expert." *Id.* The parties agree that this last sentence is a reference to the vocational expert's testimony that a person who spends more than 10 percent of the work day off-task would be precluded from work. R. 91–92.

Krusec contends that ALJ Schaefer put the cart before the horse because he relied on the vocational expert's testimony to find that Krusec would be off-task less than 10 percent of the work day. He argues that ALJ Schaefer needed to provide an explanation for how he calculated the length of time that Krusec would be off-task due to alternating positions.

But it is not clear from the decision that ALJ Schaefer intended to adopt a specific finding regarding the amount of time that Krusec would be off-task. A more logical reading of the RFC is that ALJ Schaefer simply meant to clarify that Krusec's need to alternate between sitting and standing would not require him to leave his workstation. ALJ Schaefer did not credit Krusec's testimony that he needed to walk around throughout the day, nor did he incorporate a limitation allowing Krusec to walk around. So it seems that Krusec's need to alternate positions "at his assigned workstation," as defined in the RFC, would not cause him to be off task at all.

In any event, the court has already ordered the ALJ to conduct a new credibility determination on remand, and that credibility determination will necessarily clarify Krusec's limitations as to sitting, standing, and walking. On remand, Krusec is free to argue that the ALJ should accommodate his symptoms by incorporating limitations that allow him to be off-task for a larger percentage of the day.

ORDER

IT IS ORDERED that the decision of defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, denying plaintiff Gregory Krusec's application for disability insurance benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The January 29, 2019 oral argument is CANCELED as unnecessary.

Entered January 28, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge