IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY P. KRUSEC,

                Plaintiff,

v.                                         OPINION and ORDER

ANDREW SAUL,                               18-cv-120-jdp
Commissioner of Social Security,

                Defendant.

---

Plaintiff Gregory Krusec successfully appealed the decision of the commissioner of the Social Security Administration denying his application for disability insurance benefits and was awarded benefits on remand to the agency. But the court denied without prejudice a request for attorney fees by Krusec's attorney, Barry A. Schultz, because Schultz hadn't adequately supported his request. Dkt. 42. Schultz has renewed his motion. Dkt. 43.

Under 42 U.S.C. § 406(b), the court may award a prevailing plaintiff's attorney a fee of up to 25 percent of past-due benefits. Schultz moves for an attorney fee award of $54,177.25, which represents 25 percent of the $216,709 that Krusec has received in past-due benefits. *See* Dkt. 43-1. The commissioner doesn't oppose Schultz's renewed fee request. Dkt. 44.

Although Schultz's fee request does not exceed § 406(b)'s cap of 25 percent of past-due benefits, he still must show that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar

cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire v. Sullivan*, 873 F.2d 974, 979, 983 (7th Cir. 1989)).

Schultz says that Krusec was represented by a different attorney, Jeffrey Rabin, in a prior appeal in this court. *See Krusec v. Colvin*, No. 15-cv-498-jdp (W.D. Wis.). Krusec's previous appeal resulted in a remand to the agency, after which the agency again denied benefits. This appeal followed. Schultz says that he and Rabin have agreed to divide the $54.177.25 that Schultz requests in attorney fees equally and that Schultz will be responsible for dividing the fees between the two attorneys. Schultz says that between the two appeals, the two attorneys have performed 103.05 hours of work in this court, which would yield an effective hourly rate of about $523.

Schultz recently attempted to arrange a similar fee split in another case in this court. *See Erickson v. Saul*, No. 17-cv-804-jdp, Dkt. 32 (W.D. Wis. June 19, 2020). As in that case, Schultz identifies no authority that would allow the court to consider the potential that he will give some of his fee to another attorney. So the court will again consider whether the full fee sought by Schultz is reasonable based solely on the work that Schultz performed.

The court concludes that the fee requested by Schultz is not reasonable. Schultz submits a record of his time showing that he performed 38.75 hours of work in this court. Dkt. 43-4. This yields an effective rate of approximately $1,398 per hour, which is far higher than what this court typically awards in Social Security cases. Some circumstances might justify such a high effective hourly rate, such as particularly difficult or contentious proceedings in this court. But Schultz does not identify any such challenges, and the court's review of the record does not reveal any. Instead, he says that his fee is justified for three reasons: (1) the fee represents the high risk of nonrecovery that Social Security claimants' attorneys face; (2) other courts

outside of this district have approved fee awards with effective hourly rates of well over $1,000 in several cases; (3) Schultz is an experienced and specialized Social Security claimants' attorney; and (4) Schultz obtained a highly favorable result for Krusec.

The court acknowledges that Social Security claimants' attorneys work on a contingency basis by necessity and that the 25 percent contingency fee to which Krusec agreed is standard, representing the risk of nonrecovery faced by claimants' attorneys. *See McGuire*, 873 F.2d at 980. And the court recognizes Schultz's experience, reputation, and ability. But even under these considerations, if a claimant receives an award of back benefits that is "large in comparison to the amount of time counsel spent on the case, a downward adjustment [in the fee award] is . . . in order." *Gisbrecht*, 535 U.S. at 808. Fee awards with comparable effective hourly rates from other cases with similar circumstances might help justify a high fee, but Schultz doesn't explain why he believes that this case is comparable to the cases he cites. The court will not approve the fee that Schultz requests.

But the court will again deny Schultz's motion without prejudice rather than reducing his fee. The court will give Schultz a choice on how to proceed. First, Schultz and Rabin may each submit new motions for attorney fees, Schultz in this case and Rabin in Krusec's previous appeal. The court will then evaluate each fee request based on the work that each attorney performed. Second, Schultz may renew his fee request based solely on his work in this court. If Schultz takes the second option, he must explain why his work alone justifies the full fee that he seeks. He and Rabin may then divide the fee that the court awards as they see fit.

ORDER

IT IS ORDERED that Barry A. Schultz's motion for $54,177.25 in attorney fees under 42 U.S.C. § 406(b), Dkt. 43, is DENIED without prejudice.

Entered May 25, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge