IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY P. KRUSEC,

                Plaintiff,

v.                                                                    OPINION and ORDER

KILOLO KIJAKAZI,                                          18-cv-120-jdp
Acting Commissioner of
Social Security,[1]

                Defendant.

---

Plaintiff Gregory Krusec successfully appealed the decision of the commissioner of the Social Security Administration denying his application for disability insurance benefits and was awarded benefits on remand to the agency. Before the court is a motion for attorney fees by Krusec's attorney, Barry A. Schultz. Dkt. 46. Schultz requests a portion of the funds withheld by the Social Security Administration in anticipation of attorney fees, and he says that another attorney, Jeffery Rabin, will submit a request for the remaining balance. The court will approve Schultz's fee request and give Rabin a short time to submit his motion.

BACKGROUND

This is Schultz' third request for attorney fees. The court denied Schultz's first request without prejudice because he hadn't adequately supported it. Dkt. 42. In his second motion, Schultz said that he had reached an agreement with Jeffery Rabin, an attorney whose firm represented Krusec in a prior appeal in this court, to divide the attorney fees from this case

---

[1] The court has updated the caption pursuant to Federal Rule of Civil Procedure 25(d).

equally, and that Schultz would be responsible for dividing the fees between the two attorneys. Dkt. 43. The court denied the motion without prejudice and gave Schultz a choice on how to proceed. First, Schultz and Rabin could each submit new motions for attorney fees—Schultz in this case and Rabin in Krusec's previous appeal, *Krusec v. Colvin*, No. 15-cv-498-jdp (W.D. Wis.)—and the court would evaluate each fee request based on the work that each attorney performed. Second, Schultz could renew his fee request based solely on his work in this case. Dkt. 45. Schultz has taken the second option in this renewed fee request.

## ANALYSIS

Under 42 U.S.C. § 406(b), the court may award a prevailing plaintiff's attorney a fee of up to 25 percent of past-due benefits. Krusec received $216,709 in past-due benefits, so the Social Security Administration withheld 25 percent of that figure, $54,177.25, in anticipation of attorney fees. Dkt. 46-1. Schultz says that he has conferred with Rabin and they have agreed to submit separate requests for fees. Schultz now requests a fee award of $32,506.35, which is equal to 60 percent of the withheld funds. He says that Rabin will submit a separate request for the remaining 40 percent. The Commissioner does not object, provided that Schultz and Rabin actually made that arrangement. Dkt. 49. But the Commissioner notes that Schultz has not submitted any documentation from Rabin confirming the existence of the fee splitting agreement. *Id.*

In the time since Schultz submitted his motion for attorney fees, Rabin has not requested fees in either this case or Krusec's previous case. *See Krusec,* No. 15-cv-498-jdp. Any request that Rabin might make isn't germane to the reasonableness of Schultz's fee, so the court will evaluate Schultz's request at this time. But the court will give Rabin 30 days to file

a motion for fees in case No. 15-cv-498-jdp. If no motion is filed by the deadline, the court will direct the Administration to release the withheld funds. The clerk of court will docket this order in that case to ensure that Rabin sees it.

The court concludes that Schultz's requested fee award of $32,506.35 is reasonable. When evaluating a representative fee for reasonableness, the court may consider the character of the representation and the results obtained, reducing an award if the fee is so large that the fee would constitute a windfall to the attorney. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Factors to consider in determining whether a fee is reasonable are: the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases. *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989).

Here, Schultz represents that he spent 38.75 litigating plaintiff's case before this court. The contingency fee here is equivalent to an hourly rate of approximately $839 per hour ($32,506.35 for 38.75 hours of work). This is a significantly elevated rate. But the requested fee award is reasonable in light of the risk of non-recovery in the case, the excellent result that Schultz obtained for his client, and the amounts awarded in similar cases. Contingent fee agreements often reflect larger hourly rates because they account for the attorney's risk of non-recovery, and awarding a fee consistent with the parties' agreement incentivizes attorneys to represent social security claimants. *See McGuire*, 873 F.2d at 980. The court has approved comparable rates under § 406(b) for highly favorable results similar to those obtained by Schultz. *See, e.g. Evans v. Berryhill*, No. 12-cv-888-jdp, 2018 WL 835172 (W.D. Wis. Feb. 13, 2018) (approving effective rate of $1,000 per hour because attorneys obtained excellent results); *DeBack v. Berryhill*, No. 17-cv-924-jdp, Dkt. 31 (W.D. Wis. May 4, 2020) (approving

effective rate of $800 per hour). For simplicity, the court will subtract the $7,500 fee that counsel received under the Equal Access to Justice Act, which would otherwise have to be refunded to Krusec.

ORDER

IT IS ORDERED that:

1. Plaintiff's attorney's unopposed petition for attorney fees under 42 U.S.C. § 406(b), Dkt. 46, is GRANTED. The court approves the representative fee award of $25,006.35.

2. The Social Security Administration is ordered to reserve the remaining balance of the withheld fees. Attorney Rabin may have until May 23, 2022, to submit a motion for fees in *Krusec v. Colvin*, No. 15-cv-498-jdp (W.D. Wis.). If Rabin does not file a request by that date, the agency may release the remaining funds.

3. The clerk of court is directed to docket this order in case No. 15-cv-498-jdp.

Entered April 22, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge